14-1147(L)
*Forziano v. Indep. Grp. Home Living Program, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand fifteen.

PRESENT:  RALPH K. WINTER,
          JOHN M. WALKER, JR.,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

_____

FRANK FORZIANO and ROSEANN FORZIANO,
as parents and Article 17A co-guardians of PAUL FORZIANO,
NORMAN SAMUELS and BONNIE SAMUELS, as parents
and Article 17A co-guardians of HAVA SAMUELS, PAUL
FORZIANO, and HAVA SAMUELS,

                    *Plaintiffs-Appellants,*


          -v.-                              No.   14-1147-cv(L)
                                                  14-2217-cv(CON)


INDEPENDENT GROUP HOME LIVING PROGRAM,
INC., MARYHAVEN CENTER OF HOPE, INC.,
COURTNEY BURKE, in her official capacity as the

COMISSIONER OF THE NEW YORK STATE
OFFICE OF PERSONS WITH DEVELOPMENTAL
DISABILITIES, and STATE OF NEW YORK.
*Defendants-Appellees.*

---

FOR APPELLANTS:  MARTIN J. COLEMAN (Robert Briglio, *on the brief*), Law Office of Martin J. Coleman, P.C., Woodbury, NY.

FOR APPELLEE INDEP.
GRP. HOME LIVING
PROGRAM:  ANNE C. LEAHEY, Devitt, Spellman, Barrett LLP, Smithtown, NY.

FOR APPELLEE
MARYHAVEN CENTER
OF HOPE:  ROBERT G. VIZZA, Bartlett, McDonough & Monaghan, LLP, Mineola, NY.

FOR APPELLEE STATE
OF NEW YORK:  ANDREW KENT (Anisha S. Dasgupta, *on the brief*), *for* Barbara D. Underwood, Solicitor General of New York and Eric T. Schneiderman, Attorney General of New York, New York, NY.

---

Appeal from the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

2

Plaintiffs Paul Forziano and Hava Samuels's claims arise from the denial of their request, made as a developmentally disabled married couple, to cohabitate in a publicly funded group home. Plaintiffs appeal from the dismissal of their complaint alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the Rehabilitation Act, 29 U.S.C. §§ 701-796*l*; the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601-3619; 42 U.S.C. § 1983 ("Section 1983"); the New York State Executive Law § 269; and the New York Mental Hygiene Law. Plaintiffs seek money damages, declaratory relief, and a permanent injunction. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or failure to state a claim under Rule 12(b)(6) *de novo*, accepting all factual allegations in the complaint as true and drawing inferences from those allegations in the light most favorable to the plaintiff. *Jaghory v. N.Y. Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).

**Permanent Injunction Claims**

Plaintiffs' amended complaint included a request for a permanent injunction prohibiting defendants from refusing to provide them with residential

3

services as a cohabitating couple. The district court dismissed all permanent injunction claims because the plaintiffs sought to prevent harm that they may or may not suffer in the future. We agree.

Both standing and jurisdictional ripeness require "a conclusion that the complaining party will sustain immediate injury and that such injury would be redressed by the relief requested." *Simmonds v. I.N.S.*, 326 F.3d 351, 358 (2d Cir. 2003) (internal quotation marks, brackets, and ellipses omitted). After commencing their lawsuit, plaintiffs received a residential placement at East End Disability Associates ("East End"), where they receive all of their requested services. Although plaintiffs posit that they may be forced to move out of East End at some point, such speculative harm is insufficient to confer standing on the plaintiffs. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 108-109 (1983) (plaintiff was without standing to request injunction against police use of chokeholds because it was "no more than speculation" that he would again be subject to an illegal chokehold).

Plaintiffs also argue that the district court erred by considering their injuries at the time of the amended complaint instead of the original complaint, when they lacked a facility willing to allow them to cohabitate. This argument is

4

without merit. The district court properly assessed the plaintiffs' standing to request an injunction based on the amended complaint, which "supercede[d] the original, and render[ed] it of no legal effect." *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) (internal quotation marks omitted) (determining whether the court had jurisdiction based on the allegations in the most recent complaint). Based on the allegations in the amended complaint, there is no immediate injury needing to be redressed. Accordingly, the district court correctly dismissed plaintiffs' claims seeking a permanent injunction for lack of subject matter jurisdiction.

**Intentional Discrimination under the ADA, Rehabilitation Act, and FHA**

Plaintiffs asserted that defendants intentionally discriminated against them in violation of the ADA, Rehabilitation Act, and FHA. Title II of the ADA and Section 504 of the Rehabilitation Act provide that no person shall be excluded from participation in or be denied the benefits of a public entity by reason of a disability. 42 U.S.C. § 12132; 29 U.S.C. § 794(a). Similarly, the FHA makes it unlawful to discriminate in the sale or rental of any dwelling to any buyer or renter because of a handicap. 42 U.S.C. § 3604(f). Because of similarities in the three statutes, intentional discrimination claims under the ADA,

5

Rehabilitation Act, and FHA are considered in tandem. *See McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012); *Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 573 (2d Cir. 2003).

To prove intentional discrimination, a plaintiff must establish: "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs, or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003).

We agree with the district court that plaintiffs cannot show that they were excluded from any of the defendants' residential or habilitation services because of their disability. "The ADA requires only that a particular service provided to some not be denied to disabled people." *Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999). Plaintiffs do not allege that cohabitation in the defendant group homes was provided to some but denied to them because of their disability; it is undisputed that no couples cohabitated in either home. The defendants cannot have unlawfully discriminated against plaintiffs by denying a benefit that they provide to no one. *See id.* Said another way, the defendants

6

cannot have discriminated against plaintiffs on the basis of their disability because that disability is an eligibility requirement for participation in those services in the first place. *See Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998).

In sum, even assuming that plaintiffs could show that defendants harbored some discriminatory animus against their disabilities, they cannot show that they were excluded from the defendants' programs because of their disabilities. Accordingly, we affirm the district court's dismissal of plaintiffs' intentional discrimination claims arising under the ADA, Rehabilitation Act, and FHA.

**Reasonable Accommodation under the ADA, Rehabilitation Act, and FHA**

Plaintiffs also asserted non-intentional discrimination claims under Title III of ADA, the Rehabilitation Act, and the FHA. Like the district court, we construe these claims as claims that the defendants violated the statutes by failing to provide plaintiffs with the reasonable accommodation they requested—the ability to cohabitate in one of the defendants' facilities. *See* 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 41.53; 42 U.S.C. § 3604(f)(3)(B). Again, because of similarities in the three statutes, we consider reasonable accommodation claims

7

arising under the ADA, Rehabilitation Act, and FHA in tandem. *See McElwee*, 700 F.3d at 640; *Tsombanidis*, 352 F.3d at 573.

Plaintiffs' reasonable accommodation damages claims must be dismissed because it is well-settled that injunctive relief is the only relief available for non-intentional violations of these statutes. *See, e.g.*, *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."); *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009) (same under Rehabilitation Act).

Plaintiffs withdrew their request for a preliminary injunction after they began cohabitating at East End. And, as discussed above, plaintiffs lack standing to request a permanent injunction. Therefore, because plaintiffs lack standing to request the only relief available for the alleged non-intentional violations of the ADA, Rehabilitation Act, and FHA, these claims must be dismissed. Accordingly, we affirm the district court's dismissal of plaintiffs' non-intentional discrimination claims.

## Section 1983 Claims against New York

Plaintiffs asserted Section 1983 claims against the State for alleged violations of the Medicaid Act and Fourteenth Amendment. The district court held that plaintiffs' Medicaid Act damages claims against the State were barred by the Eleventh Amendment, and plaintiffs did not appeal that ruling. And, as discussed above, plaintiffs lack standing to request a permanent injunction. Therefore, as plaintiffs implicitly concede, their Medicaid Act claims against the State must be dismissed.

Unlike their Medicaid Act claims, plaintiffs contend that their Fourteenth Amendment damages claims against the State are not barred by the Eleventh Amendment because the Fourteenth Amendment has its own Eleventh Amendment abrogation clause. This argument is without merit.

Both plaintiffs' equal protection claim and their due process claim are based in Section 1 of the Fourteenth Amendment. *See* U.S. Const. amend. XIV, § 1. We have squarely held that Section 1 claims for damages are barred by the Eleventh Amendment. *Santiago v. N.Y. Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991) (suit for damages jurisdictionally barred because "Section 1 of the Fourteenth Amendment fits neither the clear statement nor the state waiver

exceptions to a state's immunity from a damages suit in federal court."). Thus, plaintiffs fail to distinguish between damages claims under Section 1 of the Fourteenth Amendment, which are barred by the Eleventh Amendment, and claims for injunctive relief, which, in some situations, are not. *See Edelman v. Jordan*, 415 U.S. 651, 663-64 (1974). Because they lack standing to request injunctive relief and their damages claims are barred by the Eleventh Amendment, plaintiffs' Fourteenth Amendment claims must also be dismissed.

Accordingly, we affirm the district court's dismissal of plaintiffs' Section 1983 claims against New York State and its official, Courtney Burke.

**Section 1983 Claims against Independent Group Home Living and Maryhaven**

Plaintiffs asserted the same Medicaid Act and Fourteenth Amendment claims against their former group homes, Independent Group Home Living ("IGHL") and Maryhaven, as they did against the state. Unlike the state, IGHL and Maryhaven are not protected by the Eleventh Amendment. The district court correctly dismissed these claims, however, because plaintiffs failed to plausibly allege that IGHL and Maryhaven are state actors.

It is well-settled that a plaintiff pressing a claim for violation of his rights under Section 1983 is required to show state action. *See, e.g., Sybalski v. Indep. Grp.*

*Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). The complaint alleges that the State's involvement in the challenged action—IGHL and Maryhaven's refusal to permit plaintiffs to cohabitate—consisted of an abdication of the State's duty to ensure compliance with the Medicaid Act and state law provisions. Such abdication is insufficient to turn IGHL and Maryhaven's decision not to permit cohabitation into state action because it does not involve the State in the decision-making of private entities. *See id.* at 259 (IGHL not engaged in state action where the State established procedures governing limitations on visitors but IGHL made the decision about whether such limitations should be imposed).

Plaintiffs' failure to show that the State acted through IGHL and Maryhaven is fatal to their Section 1983 claims alleging violations of the Medicaid Act and Fourteenth Amendment by the group homes. Accordingly, we affirm the district court's dismissal of these claims.

### State Law Claims

After dismissing all of plaintiffs' federal causes of action, the district court declined to exercise supplemental jurisdiction over plaintiffs' state law claims. On appeal, plaintiffs do not argue that the district court abused its discretion by

11

dismissing their state law claims. Accordingly, we affirm the district court's dismissal of plaintiffs' state law claims.

## Conclusion

We have considered the remainder of the plaintiffs' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk