22-689-cv (L)
Theresa Thomas-Tupper v. Catholic Charities et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of June, two thousand twenty-three.**

**PRESENT:**

> **ROSEMARY S. POOLER,**
> **RICHARD C. WESLEY,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

_____

**Theresa Thomas-Tupper, individually and on behalf of her son R.K., a minor,**

> *Plaintiff-Appellant-*
> *Cross-Appellee*,

**v.**                                                                                     22-689, 22-780, 22-812

**Catholic Charities, Thea Bowman F.S.P.A. Housing Development Fund Company, Inc., Rockville Centre Diocese, and the Stanan Group,**

> *Defendants-Appellees-*
> *Cross-Appellants.**

_____

**FOR PLAINTIFF**:                                                         MAIA GOODELL, Kakalec
                                                                                      Law PLLC, Brooklyn, N.Y.

---

* The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR DEFENDANTS CATHOLIC CHARITIES, THEA BOWMAN F.S.P.A HOUSING DEVELOPMENT FUND COMPANY, INC., AND ROCKVILLE CENTRE DIOCESE**:

HILLARY J. RAIMONDI, Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, N.Y.

**FOR DEFENDANT THE STANAN GROUP:**

CHERYL F. KORMAN (Janice J. DiGennario, *on the brief*), Rivkin Radler LLP, Uniondale, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants Catholic Charities, Thea Bowman F.S.P.A Housing Development Fund Company, Inc., and Rockville Centre Diocese run a federally funded independent living facility for low-income individuals and families with qualified impairments, which is managed by Defendant Stanan Group (collectively, "Defendants").  Plaintiff Theresa Thomas-Tupper moved into the facility with her minor sons, R.K. and N., in 2013.  Defendants began eviction proceedings against Plaintiff when Robert Kellett, father of R.K., moved into the apartment in violation of Plaintiff's lease.  Plaintiff was evicted in 2018.  Plaintiff sued, bringing claims for discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619; Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 701; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*; and for retaliation under the FHA and NYSHRL.  The district court granted summary judgment in favor of Defendants on all claims.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

"We review *de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of that party." *Tompkins v. Metro-N. Commuter R.R. Co.*, 983 F.3d 74, 78 (2d Cir. 2020) (cleaned up). We find that the district court correctly granted summary judgment in favor of Defendants on Plaintiff's claims for discrimination and retaliation.

**I.     Discrimination**

The FHA, Section 504, and the NYSHRL all prohibit discrimination based on disability status, including discrimination by failure to make reasonable accommodations. *See* 42 U.S.C. § 3604(f)(3)(B) (FHA); *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (Section 504); N.Y. Exec. Law § 296(2)(c)(i) (NYHRL). In order to establish a prima facie violation based on a failure to accommodate, Plaintiff must show that (1) she "is a qualified individual with a disability"; (2) Defendants are "subject to the acts"; and (3) she "was denied the opportunity to participate in or benefit from [Defendants'] services, programs, or activities or [Defendants'] otherwise discriminated against [her] by reason of [her] disability." *Wright v. N. Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016).[1]

The district court correctly granted summary judgment in favor of Defendants because "the undisputed record reveals that [Plaintiff] was accorded a plainly reasonable accommodation." *Id.* at 73 (internal quotations omitted). Indeed, Defendants offered Plaintiff the exact accommodation she sought. Specifically, Plaintiff requested that Kellett be permitted to serve as her live-in aide

---

[1] The standards under each statute are the same so we consider the claims together. *See Forziano v. Indep. Grp. Home Living Program, Inc.*, 613 F. App'x 15, 18 (2d Cir. 2015) (comparing Section 504 and FHA); *Williams v. MTA Bus Co.*, 44 F.4th 115, 124 (2d Cir. 2022) (comparing NYSHRL and Section 504).

as an accommodation for her disability. When Kellett moved into Plaintiff's apartment in 2015 (in violation of her lease), he had not been certified to serve as a live-in aide and had a drug-related criminal conviction that would otherwise have made him ineligible to serve as a live-in aide at Defendants' facility. Nevertheless, Defendants agreed to Plaintiff's request: in 2018, Defendants signed a stipulation drafted by Plaintiff's then-attorney agreeing to end eviction proceedings against Plaintiff and to "permit[] . . . Robert Kellett at the premises as a live-in aide due to [Plaintiff's] current medical need for such aide." J. App'x at JA-300 ("Stipulation"). Plaintiff refused to sign the Stipulation.

Plaintiff now argues that the Stipulation could not constitute an offer of accommodation because "[t]his Court has squarely held that settlement offers conditioned on waiving substantive rights do not constitute admissible offers of reasonable disability accommodation." Appellant Br. at 17 (citing *Sheng v. M&TBank Corp.*, 848 F.3d 78, 87 (2d Cir. 2017)). But Plaintiff's reliance on *Sheng* is misplaced. There, this Court held that an employer's offer to settle an employee's discrimination claim did not constitute a reasonable accommodation where the offer was "conditioned upon the dropping of monetary claims" in the employee's discrimination lawsuit. *Sheng*, 848 F.3d at 87. The Stipulation here did not require Plaintiff to waive any discrimination claims against Defendants. Instead, it forgave existing violations of Plaintiff's lease—specifically, Kellett's unauthorized residence and Plaintiff's failure to pay rent—on the condition that Plaintiff pay the rent she owed and Kellett not commit additional disqualifying crimes while working as a

4

live-in aide. Although Plaintiff was not required to sign the Stipulation, it is proof that Defendants offered her a reasonable accommodation.[2]

**II.     Retaliation**

The FHA "safeguards members of the protected class from coercion, intimidation, threats, or interference in the exercise or enjoyment of their Fair Housing Act rights." *Frazier v. Rominger*, 27 F.3d 828, 833 (2d Cir. 1994). Similarly, the NYHRL prohibits "retaliat[ion] . . . against any person because he or she has opposed any practices," including opposing certain practices of discrimination based on disability status. N.Y. Exec. Law §§ 296(5), (7).

"To make out a prima facie case of retaliation, [Plaintiff] must make four showings: that (1) she engaged in a protected activity; (2) [Defendants were] aware of this activity; (3) [Defendants] took adverse . . . action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (cleaned up). "Once a prima facie case of retaliation is established, the burden of production shifts to [Defendants] to demonstrate that a legitimate, nondiscriminatory reason existed for its action." *Id.* (quoting *Raniola v. Bratton*, 243 F.3d 610, 625 (2d Cir. 2001)). "If [Defendants] demonstrate[] a legitimate, non-discriminatory reason, then the burden shifts back to [Plaintiff] to establish, through either direct or circumstantial evidence, that [Defendants'] action was, in fact, motivated by discriminatory retaliation." *Id.* (cleaned up); *see also Reg'l Econ. Cmty.*

---

[2] Plaintiff also claims that Defendants should have created an exception to the "blanket building policy barring [Kellett] for a two-year-old misdemeanor drug conviction." Appellant Br. at 20–22. But Defendants *did* grant this exception: they learned about Kellett's criminal history in January 2017 and the parties began negotiating a stipulation that excused Kellett's ineligibility no later than April 2017.

*Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 54 (2d Cir. 2002) (same standard under FHA).

The district court found that Plaintiff failed to demonstrate a prima facie case of retaliation because she had not offered evidence that any adverse actions—namely, the eviction proceedings and eventual eviction—were causally connected to any protected activity. We agree. Defendants sent Plaintiff two notices informing her that Kellett's residence violated her lease, and they served a thirty-day notice of eviction all before Plaintiff submitted a medical form requesting a live-in aide. And Plaintiff did not request that Kellett be the one to serve as her live-in aide until after the eviction proceedings had already begun. In addition, Defendants sought a default judgment in the eviction proceeding only after Plaintiff refused to sign the Stipulation, which had been drafted by her own lawyer and which would have provided the exact accommodation she had sought. There is no basis on which to infer that the eviction was in retaliation for Plaintiff's request to have Kellett serve as her live-in aide, when the eviction proceedings began before she made the request and Defendants had agreed to the request. Instead, the record demonstrates that the eviction occurred in response to Plaintiff's violation of her lease.

We need not reach Defendants' alternative argument for affirmance based on the statute of limitations. We have considered all of Plaintiff's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6